# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNY STEWARD, | Case No. 1:18-cv-00551-AWI-BAM (PC) |
| Plaintiff, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT |
| v. | |
| NGOZI ONYINYA IGBINOSA, et al., | **THIRTY-DAY DEADLINE** |
| Defendants. | |

Plaintiff Donny Steward ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint, filed April 17, 2018, is currently before the Court for screening. (ECF No. 1.)

**I.  Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader

is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Complaint**

Plaintiff is currently housed at Kern Valley State Prison. The events in the complaint are alleged to have occurred while Plaintiff was housed at California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California. Plaintiff names the following defendants: (1) Dr. Ngozi Onyinya Igbinosa; (2) Clarence Cryer, Jr., Chief Medical Physician; (3) G. Ugwueze, Chief Medical Executive; (4) Licensed Vocational Nurse Faria; (5) Correctional Officer Hill; (6) Correctional Officer Cerda; (7) J. Lewis, Director of Policy and Risk Management Services; (8) Officer Vanderlaan; and (9) Appeals Screening Nurse M. Carrasquillo.

Plaintiff's complaint is comprised of a series of claims against various individuals at CSATF generally concerning the alleged denial of medical care and review of his health care appeals.

For instance, in Claim I, Plaintiff alleges that Dr. Igbinosa refused to treat him or provide medical care on some unspecified dates for some unspecified conditions and that on September 29, 2014, while treating Plaintiff, she scratched his arm to determine his pain level.

In Claim II, Plaintiff alleges that Defendant Cryer, an appeals coordinator, rejected or cancelled several of Plaintiff's appeals requesting aid for his neuropathy, vision damage and nerve

damage. Plaintiff also alleges that Dr. Cryer sent various appeals back to Dr. Igbinosa. He also reportedly shifted the log numbers on an appeal, changed it from a staff complaint to a health care issue, and confused the time on the appeal.

In Claim III, Plaintiff alleges that Dr. Ugwueze reviewed Plaintiff's 602 grievance against Dr. Igbinosa, and reportedly found no wrongdoing. Plaintiff also claims that Dr. Ugwueze, who spoke with Plaintiff, was deliberately indifferent to his medical needs. In Claim IV, Plaintiff alleges that Dr. Igbinosa's assistant, LVN Faria, always seemed to question Plaintiff's level of pain, would not make correct notifications on the 7362 forms or would lie. Plaintiff also contends that on some unspecified date, LVN Faria failed to clean the cuts on his feet. Plaintiff further alleges that LVN Faria would deny or reject Plaintiffs' appeals or incorrectly charge Plaintiff co-payments.

In Claim V,[1] Plaintiff complains about the purported denial of medical care in September 2014 against Officer Hill and Officer Cerda.

In Claim VI,[2] Plaintiff complains that Defendant Lewis' investigative carelessness allowed Dr. Igbinosa and LVN Faria's misconduct and malpractice. Defendant Lewis' signature was reportedly on every major 602 regarding Plaintiff's need for foot treatment, neuropathy and pain.

In Claim VII,[3] Plaintiff alleges that Defendant Vanderlaan was enlisted by Defendants Hill and Cerda to watch Plaintiff's mail. Plaintiff alleges that Defendant Vanderlaan opened two pieces of Plaintiff's legal mail, denied that they were legal mail, and refused to send them. Plaintiff tried to send legal mail two other times, but was denied by Defendant Vanderlaan. During this time, the mail room also allegedly opened mail from the courts.

In Claim VIII,[4] Plaintiff complains that Defendant Carrasquillo committed a procedural error when she was to interview him on November 26, 2014, about his eye. Plaintiff also complains that Defendant Carrasquillo incorrectly stated that she had interviewed him on January 1, 2015, as part of his inmate appeal concerning the alleged scratch by Dr. Igbinosa.

As relief for these claims, Plaintiff seeks compensatory and punitive damages.

---

[1] Labelled as "Claim VI" in Plaintiff's complaint. (ECF No. 1 at 14.)
[2] Labelled as "Claim VII" in Plaintiff's complaint. (ECF No. 1 at 18.)
[3] Labelled as "Claim VIII" in Plaintiff's complaint. (ECF No. 1 at 19.)
[4] Labelled as "Claim IX" in Plaintiff's complaint. (ECF No. 1 at 23.)

3

**III. Discussion**

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8, 18 and 20 and fails to state a cognizable claim. As Plaintiff is proceeding pro se, he will be given an opportunity to amend his complaint to cure the identified deficiencies. To assist Plaintiff, the Court provides the pleading and legal standards applicable to his claims.

**A. Federal Rule of Civil Procedure 8**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8. Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff's complaint is not a short or plain statement of his claims. Plaintiff's complaint lacks clear factual allegations, and the Court cannot determine what happened or when it happened. Nearly every purported claim also appears to contain allegations concerning multiple events. Further, Plaintiff's allegations contain generalities and conclusory statements, which are not sufficient factual allegations to state a claim. Plaintiff must clearly and concisely state what happened, when it happened and who was involved.

**B. Federal Rules of Civil Procedure 18 and 20**

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. Id. at 1349. Only if the defendants are properly

joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not raise different claims against different defendants in a single action. For instance, Plaintiff may not, in a single case, assert a claim against Defendant Igbinosa related to his medical treatment while simultaneously asserting an unrelated claim regarding interference with his legal mail against a different defendant. Unrelated claims involving multiple defendants belong in different suits. In any amended complaint, Plaintiff may pursue only properly joined claims.

### C. Eighth Amendment – Deliberate Indifference to Serious Medical Needs

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo Cty. Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.

Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. Cty. of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989) ), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082–83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff's complaint appears to assert a number of claims against various defendants for failure to provide medical treatment. However, Plaintiff's allegations are not sufficient to state a claim against any of the individual defendants as currently pled. With regard to Plaintiff's claims against Defendants Igbinosa, Faria and Cryer, there is no indication that any of these individuals failed to respond to a serious medical need or that the failure to respond caused harm. At best, Plaintiff has alleged a difference of opinion regarding the appropriate course of treatment for his various conditions or negligence, which is not sufficient to support a deliberate indifference claim. Additionally, many of Plaintiff's claims do not identify the particular condition for which he sought treatment, when he sought that treatment or whether he suffered any purported harm from any failure to receive treatment. This also is true for Plaintiff's claim against Officers Hill and Cerda.

### D. Grievance Procedure

Plaintiff's allegations also suggest that he seeks to hold various defendants liable based on their review or processing of his inmate appeals. However, Plaintiff cannot pursue any claims against prison staff based solely on the processing and review of inmate appeals. The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base

a claim that he was denied a particular result or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted), cert. denied, 541 U.S. 1063 (2004); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

### E. Americans With Disabilities Act ("ADA")

Plaintiff also appears to forward claims for violation of the Americans with Disabilities Act. Title II of the ADA "prohibit[s] discrimination on the basis of disability." Lowell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). However, Plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in his or her individual capacity to vindicate rights created by Title II of the ADA. See Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002).

Additionally, treatment, lack of treatment, or misdiagnosis will not support such a claim. The ADA prohibits discrimination because of disability, not inadequate treatment for disability. Simmons v. Navajo Cty., 609 F.3d 1011, 1022 (9th Cir. 2010), overruled on other grounds by Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016); see also Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("[T]he Act would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners .... The ADA does not create a remedy for medical malpractice."). Inadequate treatment or lack of treatment for Plaintiff's medical condition does not in itself suffice to create liability under the ADA. Tandel v. Cty. of Sacramento, 2015 WL 1291377, at *18 (E.D. Cal. Mar. 20, 2015). Thus, Plaintiff's complaint regarding treatment decisions are not sufficient. Bryant, 84 F.3d at 249 ("No discrimination is alleged; Bryant was not treated worse because he was disabled. His complaint is that he was not given special accommodation.")

### F. State Law Claims

Plaintiff appears to allege various state law claims, including assault and medical malpractice. Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed

before trial, ... the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. As Plaintiff has not stated a cognizable claim for relief under federal law, the Court declines to screen Plaintiff's purported state law claims.

Further, the Government Claims Act requires exhaustion of Plaintiff's state law tort claims with the California Victim Compensation and Government Claims Board, and Plaintiff is required to specifically allege compliance in his complaint. Shirk v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 208–09 (Cal. 2007); State v. Superior Court of Kings Cty. (Bodde), 32 Cal. 4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); Karim–Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988). Plaintiff has failed to allege compliance with the Government Claims Act.

**IV.     Conclusion and Order**

For the reasons stated, Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8, 18 and 20 and fails to state a cognizable claim.  As Plaintiff is proceeding pro se, the Court will grant Plaintiff am opportunity to amend his complaint to cure the above-identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

8

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **April 23, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE