# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNY STEWARD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NGOZI ONYINYA IGBINOSA, et al.,<br><br>　　　　Defendants. | Case No. 1:18-cv-00551-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION<br><br>(ECF No. 19) |

Plaintiff Donny Steward ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. On April 24, 2019, the Court screened Plaintiff's complaint and granted him leave to amend. (ECF No. 18.) Plaintiff's first amended complaint, filed on May 28, 2019, is currently before the Court for screening. (ECF No. 19.)

**I.　Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Summary of Plaintiff's First Amended Complaint**

Plaintiff is currently housed at Kern Valley State Prison in Delano, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California. Plaintiff names the following defendants: (1) Dr. Ngozi Onyinya Igbinosa; (2) Correctional Officer Cerda: (3) Correctional Officer Vanderlaan; (4) Licensed Vocational Nurse Faria; (5) Correctional Officer Hill; (6) Appeals Coordination Nurse M. Carrasquillo; (7) G. Ugwueze, Chief Medical Executive; (8) J. Lewis, Director of Policy and Risk Management Services; (9) Clarence Cryer, Jr., Chief Medical Physician; (10) Licensed Vocational Nurse Nelson; (11) Sergeant Williams; and (12) Captain Brightwell.

Plaintiff asserts that all defendants are being sued in their individual capacity and they were all directly or indirectly involved in the event leading to Defendants Cerda and Hill failing to call paramedics for treatment of Plaintiff's serious medical condition. Plaintiff further alleges that it was a conscious choice for Defendant Vanderlaan to open confidential mail and impeded Plaintiff's request for an investigation of Defendants Cerda and Hill. Plaintiff contends it was LVN Nelson's

conscious decision to refuse to assist with treatment of Plaintiff's neuropathy and she was encouraged to give Plaintiff a 115 for going "man down" on the yard. On November 7, 2014, Sergeant Williams found Plaintiff guilty for getting on the ground when the medical center continually denied his pleas for assistance with his neuropathy. Plaintiff asserts that the guilty finding was a conscious choice by Sergeant Williams to deprive Plaintiff of the medical care needed for his chronic diabetic neuropathy.

Plaintiff contends that he was subjected to an assault and battery on October 25, 2014, because he submitted a complaint to the California Medical Board on April 29, 2014, and to the Office of Internal Affairs, and made a citizen's complaint against Dr. Igbinosa and Nurse Faria based on their refusal to provide treatment for his neuropathy. The investigations also forced Dr. Igbinosa to prescribe Tylenol-3, which did not scratch the surface of Plaintiff's neuropathy pain.

Plaintiff alleges that during an appointment on September 29, 2014, Dr. Igbinosa had Plaintiff stand up and move his hand and arm in various directions so that she could examine how much movement Plaintiff had in his right arm, hand and shoulder. When she was satisfied, Dr. Igbinosa then conducted her own examination. Once she was satisfied that Plaintiff was not in a position to use his arm, she scratched down his forearm fast and hard with left finger while tightly holding Plaintiff's wrist. She quickly grabbed his elbow, holding Plaintiff in place. When Plaintiff yelled, she said she was sorry. When asked why she did it, Dr. Igbinosa stated that she did not believe that Plaintiff was in that much pain. Plaintiff asked her to let him go. Dr. Igbinosa then wanted to know that if she let him go whether Plaintiff would harm her. Plaintiff said no. Dr. Igbinosa let him go and pushed him away. Plaintiff then stood there in shock, but then grabbed his I.D. and ran past two correctional officers seated just outside Dr. Igbinosa's office. Plaintiff claims that the investigations and staff complaint had caused this misconduct.

On July 30, 2015, Plaintiff received a telephone interview from Defendant Ugwueze, who had Plaintiff's staff complaint. During the interview, Defendant Ugwueze wanted to know what occurred on September 29, 2014, in Dr. Igbinosa's office, including if there were any witnesses and, if not, then Plaintiff had no witness to substantiate the assault. Plaintiff indicated that he was willing to take a lie detector test to prove the complaint. Defendant Ugbueze said that even if

Plaintiff passed the lie detector it could not be used in a court of law. Plaintiff responded that they would let a judge determine that point. The interview then ended. Plaintiff asserts that Dr. Ugwueze's signature is found on the staff complaint that was rejected and eventually denied.

On January 28, 2015, Plaintiff alleges that he was interviewed by Defendant Carasquilla. She wanted Plaintiff to know how difficult it was for Dr. Igbinosa to care for over 2,000 inmates and that Plaintiff should withdraw the appeal because of the stress she was under having to deal with so many personalities. Plaintiff explained to Defendant Carasquilla that he understood the pressure, but Dr. Igbinosa's professional ethics and responsibility to her duties should never give any reason for her to assault anyone. Plaintiff refused to withdraw the appeal.

On June 18, 2015, Director of Risk and Management Policy J. Lewis, after reviewing Plaintiff's staff complaint against Dr. Igbinosa, ordered an inquiry into the treatment of Plaintiff's complications with neuropathy. Although the results were ordered to be known to Plaintiff, Defendant Ugwueze and G. Myenke told Plaintiff that no findings of the inquiry would be given to him. They also found that the alleged assault and battery did not meet the definition of a staff complaint and was changed to a health care treatment issue. The partial grant of the appeal was only for an investigation and nothing to do with how the neuropathy complications should have been treated.

On January 30, 2015, Plaintiff sent a CDCR 22 inquiring as to why his staff complaint for assault was changed. Defendant Cryer had decided that Plaintiff's staff complaint did not meet the criteria for processing as a staff complaint. Plaintiff was dissatisfied and asked that Defendant Cryer show him how mistreatment of his illness and assault and battery were not a staff complaint. Plaintiff did not receive a response.

On June 18, 2015, Plaintiff contacted Defendant Lewis, who modified the order accepting the appeal as a staff complaint.

On October 2, 2014, and during that month, Plaintiff tried to talk with Defendant Brightwell about the medical issue, mistreatment and suffering with neurological complications. Plaintiff also saw her once or twice. She finally told Plaintiff not to talk to her directly and to use the chain of command.

Plaintiff contends that he remembers how he never received any help for 9 months for swelling from diabetic complications and he endured neurological pain for three months, which resulted in crying all night and cold sweats. When he would visit the medical center for treatment, he would be taunted, badgered and turned away day after day. Plaintiff asserts that he lost muscle mass and major feeling in his feet, legs and hands.

Plaintiff forwards complaints for violation of the Eighth and Fourteenth Amendments to the United States Constitution along with state law torts of assault, battery and negligence.

Plaintiff further alleges that Defendants Cerda, Hill, and Vanderlaan are being sued in their individual capacity for negligence and deliberate based on the incident that occurred on September 16, 2014. Defendants Cerda and Hill refused to call for medical assistance on that date, when Plaintiff was experiencing neuropathy pain up and down the right side of his body, causing muscle damage, cold sweats and extreme pain. On that date, Plaintiff had a ducat to visit the Medical Center. Plaintiff tried and failed to receive assistance from Defendant Nelson at the Medical Center window. This was the third day in a row, and he had made seven other prior attempts for medical assistance with his neuropathy.

Plaintiff claims that Defendants Cerda and Hill were obligated to assist him because he was suffering neuropathy brought on by Type II diabetes complications. After several attempts to gain their assistance, they refused and called him names. Plaintiff explained what the problem entailed and laid down on the ground. Defendants Cerda and Hill told Plaintiff that they were not going to call man down. After Plaintiff had been on the ground for 10 to 15 minutes, a Sergeant spotted Plaintiff and began walking in his direction. At that point, Defendant Hill got off the bench where he was sitting and told Defendant that he would tell the sergeant what was going on. The sergeant then called medical staff, who came with a gurney. Plaintiff then sat in the holding tank for three or more hours while other inmates came and went. Plaintiff claims it was the purpose of Nurse Faria to make Plaintiff suffer and wait in pain. Plaintiff feel asleep and awakened still in pain. He was the last person to be seen that day. He was taken to the main medical facility where he was given an injection to help with the pain. Plaintiff complain that to this day there is no medical record of what he was injected with and it did not reduce the pain.

On October 17, 2014, Plaintiff attempted to send letters to ISU Harris and Captain Brightwell regarding the incident involving Defendants Cerda, Hill, Nelson, and Faria. Defendant Vanderlaan intercepted the confidential letters, stating that they were not confidential and could not be sent out. Plaintiff further alleges that Defendants Cerda and Hill always were present during the evening mail call, hanging out with Defendant Vanderlaan.

On September 29, 2014, and in the months prior to the alleged assault and battery, Plaintiff alleges that he was screened out from many appointments with his Primary Care Physician and only given pain medication by Defendant Faria. Plaintiff asserts that Defendant Faria taunted Plaintiff and made fun of his suffering. Plaintiff claims that her misconduct is evidenced by sick call requests dated September 14, 16, 21, and 22, 2014.

Plaintiff further alleges the need for more or different training is obvious and resulted in a violation of the Constitution. Plaintiff also alleges that policymakers have been found deliberately indifferent.

As relief, Plaintiff seeks monetary damages and injunctive relief.

**III.     Discussion**

As with his original complaint, Plaintiff's amended complaint fails to comply with Federal Rules of Civil Procedure 8, 18 and 20 and fails to state a cognizable claim

**A.     Federal Rule of Civil Procedure 8**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8. Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff's complaint is not a short or plain statement of his claims. Plaintiff's complaint lacks a chronology and clear factual allegations. It also contains generalities and conclusory

statements, which are not sufficient to state a claim. Plaintiff has been unable to cure this deficiency.

**B.      Federal Rules of Civil Procedure 18 and 20**

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. Id. at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

As Plaintiff was previously instructed, he may not raise different claims against different defendants in a single action. For example, Plaintiff may not, in a single case, assert a claim against Defendant Igbinosa related to his medical treatment while simultaneously asserting an unrelated claim regarding interference with his legal mail against Defendant Vanderlaan. Unrelated claims involving multiple defendants belong in different suits. Plaintiff has not corrected this deficiency and continues in his efforts to pursue different claims against different defendants in a single suit.

**C.      Eighth Amendment – Deliberate Indifference to Serious Medical Needs**

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows

of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo Cty. Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. Cty. of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989) ), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082–83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff's complaint appears to assert a number of claims against various defendants for failure to provide medical treatment. However, many of Plaintiff's allegations are not sufficient to state a claim against any of the individual defendants. For instance, Plaintiff generally alleges that he did not receive help for nine months for swelling and three months for pain, but he fails to include

1 sufficient factual allegations indicating who was involved and when. Despite being advised that he
2 must plead sufficient factual allegations in order to state a cognizable claim, Plaintiff has been
3 unable to cure this deficiency.

Defendants Igbinosa and Faria

Plaintiff's specific allegations involving Defendants Igbinosa and Faria also are insufficient to state a cognizable claim for deliberate indifference. There is no indication that either of these individuals failed to respond to a serious medical need or that the failure to respond caused harm. Indeed, in his complaint, Plaintiff admits to obtaining treatment and pain medications from both Defendant Igbinosa and Defendant Faria. At best, Plaintiff has alleged a difference of opinion regarding the appropriate course of treatment for his various conditions, which is not sufficient to support a deliberate indifference claim. Plaintiff has been unable to cure this deficiency.

Defendant Nelson

Plaintiff alleges that Defendant Nelson failed to provide him treatment at the Medical Center on one occasion. Plaintiff's allegations against Defendant Nelson are not sufficient to state a cognizable claim. Plaintiff's complaint does not demonstrate that Defendant Nelson disregarded any risk to Plaintiff's health or safety. According to his complaint, Plaintiff had made several prior attempts for assistance without apparent injury. Plaintiff ultimately received a shot that day, but, as discussed more fully below, there is no indication that any delay resulted in harm. It also appears from the complaint that Plaintiff received various medications to address his complaints of neuropathy associated with his Type II diabetes, including Tylenol 3.

Defendants Cerda and Hill

Plaintiff's allegations also are not sufficient to state a cognizable claim against Defendants Cerda and Hill. Although Plaintiff contends that Defendants Cerda and Hill failed to respond to his request for treatment, including after he decided to lie down, it also is apparent that they discussed the situation with an unknown sergeant and medical help was summoned. There is no indication in Plaintiff's complaint that he suffered any harm from any purported delay in obtaining treatment caused by Defendants Cerda and Hill or that he required emergency or exigent treatment. Plaintiff admits in his complaint that he was subsequently taken to a holding cell, where he waited additional

9

time and eventually fell asleep, later receiving a shot for his condition.

        <u>Defendants Ugwueze, Carrasquillo, Lewis, and Cryer</u>

Plaintiff's complaint fails to state a cognizable Eighth Amendment claim for deliberate indifference against Defendants Ugwueze, Carrasquillo, Lewis, and Cryer. As best as the Court can determine, the allegations involving these defendants relate to a review of Plaintiff's inmate appeal or grievance against Defendant Igbinosa. Actions in reviewing a prisoner's administrative appeal generally cannot serve as the basis for liability in a section 1983 action. <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8th Cir. 1993). "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." <u>Haney v. Htay</u>, No. 1:16–CV–00310–AWI–SKO–PC, 2017 WL 698318, at *4–5 (E.D. Cal. Feb. 21, 2017), citing <u>Greeno v. Daley</u>, 414 F.3d 645, 656–57 (7th Cir. 2005).

        <u>Defendant Brightwell</u>

Plaintiff alleges that he tried to talk with Defendant Brightwell about his medical issues and she directed him to use the chain of command. This allegation is not sufficient to state a cognizable claim for deliberate indifference to a serious medical need. There is no indication that Defendant Brightwell knew of and disregarded an excessive risk to Plaintiff's health or safety or that her directive to use the chain of command caused harm.

**D.    Rules Violation Report – Fourteenth Amendment**

Plaintiff alleges that on November 7, 2014, Sergeant Williams found Plaintiff guilty for getting on the ground when the medical center continually denied his pleas for assistance with his neuropathy.

To the extent Plaintiff asserts that the charges against him were false, he fails to state a cognizable claim. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974). However, inmates do not have any due process right to be free from false disciplinary charges. <u>See</u> <u>Freeman v. Rideout</u>, 808 F.2d 949, 951 (2d Cir. 1986) (inmates have "no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest," provided that they are "not...deprived of a protected liberty interest without due

process of law."); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir.1989) ("Sprouse's claims based on the falsity of the charges and the impropriety of Babcock's involvement in the grievance procedure, standing alone, do not state constitutional claims."). Accordingly, any assertion by Plaintiff that the charges against him were false fails to state a cognizable claim.

To the extent Plaintiff is challenging the fairness of the disciplinary proceedings, he also fails to state a claim. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S. at 556. With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563–71. If the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir.1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472, 115. Here, Plaintiff's complaint fails to include any factual allegations to suggest that he was denied any of the Wolff procedural requirements.

### E.     Interference with Mail

Plaintiff appears to allege that Defendant Vanderlaan interfered with his outgoing mail on one occasion. Prison inmates enjoy a First Amendment right to send and receive mail. Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). However, a temporary delay or isolated incident of mail interference is usually insufficient to establish a constitutional violation. See Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999); Zaiza v. Tamplen, No. 2:15–cv–0447–KJM–EFB P, 2016 WL 2930877, at *4 (E.D. Cal. May 19, 2016) ("An isolated incident of mail interference or tampering is usually insufficient to establish a constitutional violation."). Plaintiff's allegations that Defendant Vanderlaan opened his outgoing mail on one occasion is not sufficient to state a cognizable claim.

**F.     State Law Claims**

Plaintiff appears to allege various state law torts, including assault and medical malpractice. Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. As Plaintiff has not stated a cognizable claim for relief under federal law, it is recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

Further, the Government Claims Act requires exhaustion of Plaintiff's state law tort claims with the California Victim Compensation and Government Claims Board, and Plaintiff is required to specifically allege compliance in his complaint. Shirk v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 208–09 (Cal. 2007); State v. Superior Court of Kings Cty. (Bodde), 32 Cal. 4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); Karim–Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988). Plaintiff has failed to allege compliance with the Government Claims Act.

**IV.     Conclusion and Recommendations**

Plaintiff's amended complaint fails to state a cognizable claim for relief. Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in his complaint. Further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Accordingly, IT IS HEREBY RECOMMENDED as follows:

1.     The federal claims in this action be dismissed based on Plaintiff's failure to state a claim upon which relief may be granted; and

2. The Court decline to exercise supplemental jurisdiction over Plaintiff's purported state law claims.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 27, 2019**          /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE