# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNY STEWARD,<br><br>          Plaintiff,<br><br>    v.<br><br>IGBINOSA, *et al.*,<br><br>          Defendants. | Case No. 1:18-cv-00551-AWI-BAM (PC)<br><br>ORDER TO SHOW CAUSE WHY DEFENDANT NELSON SHOULD NOT BE DISMISSED FROM THIS ACTION FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE<br><br>(ECF No. 32)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Donny Steward ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Igbinosa, Faria, Nelson, Lewis, Brightwell, Cerda, and Hill for violations of the Eighth Amendment.

**II.    Service by the United States Marshal**

On May 20, 2021, the Court issued an order directing service on Defendants Igbinosa, Faria, Nelson, Lewis, Brightwell, Cerda, and Hill in this case under the Court's E-Service pilot program for civil rights cases for the Eastern District of California. (ECF No. 32.) The order included the following information regarding Defendant Nelson: "Licensed Vocational Nurse Nelson; CSATF; on or about September 14, 15, 16, 21, and 22 of 2014." (*Id.* at 2.) After Defendant Nelson could not be electronically served, service documents were forwarded to the

1

United States Marshals Service for personal service on Defendant Nelson.

On July 8, 2021, the United States Marshals Service filed a return of service unexecuted as to Defendant Nelson. (ECF No. 37.)

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472, 115 (1995). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421–22.

Here, the U.S. Marshal attempted to electronically and personally serve Defendant Nelson with the information that Plaintiff provided. However, the Marshal was informed by the Litigation Coordinator at CSATF that Defendant Janet Nelson resigned in May 2017 and returned to Utah, and no address or phone number is known. If Plaintiff is unable to provide the Marshal with the necessary information to identify and locate this defendant, Defendant Nelson shall be dismissed from this action, without prejudice.

///

Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendant Nelson should not be dismissed from the action at this time. Plaintiff may respond to this order by providing additional information that will assist the Marshal in identifying Defendant Nelson for service of process.

### III. Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant Nelson should not be dismissed from this action; and
2. **The failure to respond to this order or the failure to show cause will result in the dismissal of Defendant Nelson from this action due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m)**.

IT IS SO ORDERED.

Dated: **July 12, 2021**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE