# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNY STEWARD,<br><br>    Plaintiff,<br><br>    v.<br><br>IGBINOSA, *et al.*,<br><br>    Defendants. | Case No. 1:18-cv-00551-AWI-BAM (PC)<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DEFENDANT NELSON, WITHOUT PREJUDICE, FOR FAILURE TO SERVE**<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Donny Steward ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Igbinosa, Faria, Nelson, Lewis, Brightwell, Cerda, and Hill (collectively, "Defendants") for violations of the Eighth Amendment.

**I.    Service by the United States Marshal**

On May 20, 2021, the Court issued an order directing service on Defendants in this case under the Court's E-Service pilot program for civil rights cases for the Eastern District of California. (ECF No. 32.) The order included the following information regarding Defendant Nelson: "Licensed Vocational Nurse Nelson; CSATF; on or about September 14, 15, 16, 21, and 22 of 2014." (*Id.* at 2.) After Defendant Nelson could not be electronically served, service documents were forwarded to the United States Marshals Service for personal service on Defendant Nelson. On July 8, 2021, the United States Marshals Service filed a return of service

1

unexecuted as to Defendant Nelson, indicating that Defendant Janet Nelson resigned in May 2017 and returned to Utah, and no address or phone number is known.  (ECF No. 37.)

On July 12, 2021, the Court issued an order requiring Plaintiff to show cause, within thirty days of service of that order, why Defendant Nelson should not be dismissed from this action.  (ECF No. 38.)  In that order, Plaintiff was warned that the failure to respond or failure to show cause would result in the dismissal of Defendant Nelson from this action due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m).  (*Id.* at 3.)

Plaintiff filed a response to the order to show cause on August 4, 2021.  (ECF No. 42.)

## II.   **Legal Standard**

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the court, shall serve the summons and the complaint.  Fed. R. Civ. P. 4(c)(3).  "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ."  *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990).  "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'"  *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472, 115 (1995).  However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate.  *Walker*, 14 F.3d at 1421–22.

///

### III.  Discussion

The Marshal attempted to serve Defendant Nelson with the information that Plaintiff provided. However, the information provided was not sufficient to identify Defendant Nelson for service of process.

Plaintiff was afforded an opportunity to provide further information to locate Defendant Nelson, and he filed a response on August 4, 2021. (ECF No. 42.) However, Plaintiff makes clear in his response that he has no additional information that can be used to locate Defendant Nelson. Rather, Plaintiff argues that this action was filed on April 17, 2018, and at the time Defendant Nelson was and had been employed at CSTAF for some time and was represented by Xavier Becerra, the former Attorney General of California. Plaintiff therefore contends that it was the responsibility of Defendant Nelson's attorney or the Litigation Coordinator at CSATF to inform the Court of Defendant Nelson's change of address. The remainder of Plaintiff's response relates to additional individuals Plaintiff appears to believe should be included as defendants in this action. (*Id.*)

As Plaintiff acknowledges, his response to the Court's order to show cause is not the proper vehicle to address other individuals Plaintiff may wish to include as defendants to this action. If Plaintiff wishes to add defendants, he may file a motion to amend the complaint and a proposed second amended complaint, and after allowing the current defendants an opportunity to respond, the Court will determine whether such an amendment is warranted.

As to Defendant Nelson, Plaintiff is informed that before being served with the amended complaint, Defendant Nelson had no obligation to provide the Court with her updated mailing address or contact information, whether through an attorney or on her own. Nor was it the responsibility of CDCR to provide the Court with that information. As Plaintiff has indicated that he has no other information that can be used to locate Defendant Nelson, and as the Marshal has already attempted to serve Defendant Nelson with the information provided, the Court finds that Plaintiff has not provided sufficient information to identify and locate Defendant Nelson for service of process.

///

### IV. Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that Defendant Nelson be dismissed from this action, without prejudice, for failure to serve process pursuant to Federal Rule of Civil Procedure 4(m).

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 9, 2021**          /s/ Barbara A. McAuliffe
                                                                                    UNITED STATES MAGISTRATE JUDGE