# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNY STEWARD,<br><br>  Plaintiff,<br><br> v.<br><br>IGBINOSA, *et al.*,<br><br>  Defendants. | Case No.  1:18-cv-00551-AWI-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RIGHT TO PRIVACY AND EQUAL PROTECTION<br><br>(ECF No. 44) |

Plaintiff Donny Steward ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendants Igbinosa, Faria, Nelson, Lewis, Brightwell, Cerda, and Hill for violations of the Eighth Amendment.[1]

Currently before the Court is Plaintiff's "Motion to Right to Privacy and Equal Protection of the Law," filed August 20, 2021.  (ECF No. 44.)  Defendants have not had the opportunity to file a response, but the Court finds a response unnecessary.  The motion is deemed submitted.  Local Rule 230(l).

///

---

[1] The Court has recommended dismissal of Defendant Nelson, without prejudice, for failure to serve process pursuant to Federal Rule of Civil Procedure 4(m).  (ECF No. 43.)  Responsive pleadings from Defendants Igbinosa, Faria, Lewis, Brightwell, Cerda, and Hill are currently due on or before September 7, 2021.  (ECF No. 41.)

1

In his motion, Plaintiff states that he received a letter from the deputy attorney general representing Defendants Igbinosa, Faria, Lewis, Brightwell, Cerda, and Hill informing Plaintiff that they will be requesting documents from Plaintiff's central file and health records, citing section 3370(e) of Title 15 of the California Code of Regulations. (ECF No. 44.) Plaintiff argues that he disagrees with this demanding approach to his constitutional and civil rights, and he will be pursuing sanctions pursuant to state law should any private or confidential information be provided by CDCR that can, may, or will prejudice this claim. Defense counsel did not explain whether he had Plaintiff's approval to access Plaintiff's medical records that did not apply specifically to this case or state what records he wanted from Plaintiff's central file that pertain to this case. Plaintiff further argues that it is the deputy attorney general's duty to provide Plaintiff with every form or bit of information retrieved from his central file or health records, and he will seek sanctions if any information surfaces that would prejudice this action. (*Id.*)

Section 3370(e) provides, in relevant part: "No case records file, unit health records, or component thereof shall be released to any agency or person outside the department, except for . . . the office of the attorney general . . . and as provided by applicable federal and state law." This Court has repeatedly held that this regulation supports the proposition that the office of the attorney general has access or control over documents contained within a prisoner plaintiff's central file. *See, e.g.*, *Porter v. Jennings*, No. 1:10-cv-01811-AWI-DLB PC, 2012 WL 1434989, at *2 (E.D. Cal. Apr. 25, 2012).

To the extent Plaintiff attempts to raise an issue regarding the confidentiality of his central file or health records, Plaintiff "do[es] not have a constitutionally protected expectation of privacy in prison treatment records when the state has a legitimate penological interest in access to them." *Seaton v. Mayberg*, 610 F.3d 530, 534 (9th Cir. 2010). Plaintiff put his medical care at issue by bringing this lawsuit and therefore, waived any right to privacy he may otherwise have maintained. Plaintiff also does not have a right to have Defendants serve him with copies of any records they obtain from his central file or health records, though he may consider requesting such information once discovery in this action is opened.

///

1    If Plaintiff is attempting to request sanctions against Defendants or defense counsel,
2 Plaintiff has identified no conduct that the Court finds sanctionable at this time, and this request is
3 also denied.
4    Based on the foregoing, Plaintiff's motion to right to privacy and equal protection, (ECF
5 No. 44), is HEREBY DENIED.

IT IS SO ORDERED.

Dated:  **August 23, 2021**              /s/ *Barbara A. McAuliffe*         _
                                         UNITED STATES MAGISTRATE JUDGE

3