# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNY STEWARD,<br><br>          Plaintiff,<br><br>     v.<br><br>IGBINOSA, *et al.*,<br><br>          Defendants. | Case No.  1:18-cv-00551-AWI-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DEFENDANT NELSON, WITHOUT PREJUDICE, FOR FAILURE TO SERVE<br><br>(ECF No. 43) |

Plaintiff Donny Steward ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Igbinosa, Faria, Nelson, Lewis, Brightwell, Cerda, and Hill for violations of the Eighth Amendment.

On August 9, 2021, the assigned Magistrate Judge issued findings and recommendations recommending that Defendant Nelson be dismissed, without prejudice, for failure to serve process pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 43.) Those findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.*) Plaintiff filed a response on September 8, 2021, which the Court construes as Plaintiff's objections. (ECF No. 51.) Defendants have filed no objections, and the deadline for any remaining objections has now passed.

In his objections, Plaintiff contends that because Defendant Nelson is now located in Utah and CDCR was unable to provide forwarding information, Defendant Nelson's supervisors should be substituted to replace her in this action. (ECF No. 51.) Plaintiff proposes the substitution of Dr. G. Ugwueze, who was previously named as a defendant in this action, or Lieutenant Williams[1] in place of Defendant Nelson. (*Id.*)

The Court has reviewed Plaintiff's objections, but finds no basis warranting rejection of the Magistrate Judge's findings and recommendations. The Magistrate Judge directed the United States Marshal to serve Defendant Nelson using the contact information provided by Plaintiff, and was informed that Defendant Nelson resigned in May 2017 and returned to Utah, and no further forwarding information was available from CDCR. (ECF No. 37.) Plaintiff has provided no new information that would allow the Marshal to effect service of process on Defendant Nelson.

Plaintiff may not substitute one of Defendant Nelson's supervisors in her place when he is raising claims against her in her individual capacity. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Ashcroft v. Iqbal*, 556 U.S. 662, 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (citation and quotation marks omitted); accord *Lemire v. Cal. Dep't of Corrs. & Rehab.*, 726 F.3d 1062, 1074–75 (9th Cir. 2013); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). Plaintiff has not alleged that Dr. Ugwueze or Lieutenant Williams were personally involved in the constitutional deprivation that Defendant Nelson is alleged to have committed, or that there is a sufficient connection

---

[1] Plaintiff previously named a Sergeant Williams as a party to this action. (*See* ECF No. 19.) It is not clear whether Plaintiff is referring to the same individual, but the distinction does not change the Court's decision here.

between their conduct and the constitutional violation.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The findings and recommendations issued on August 9, 2021, (ECF No. 43), are adopted in full;
2. Defendant Nelson is DISMISSED, without prejudice, for failure to serve process pursuant to Federal Rule of Civil Procedure 4(m); and
3. This matter is referred back to the assigned Magistrate Judge for proceedings consistent with this order.

IT IS SO ORDERED.

Dated:  September 20, 2021                                                  _____
                                                                                     SENIOR DISTRICT JUDGE