# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNY STEWARD, | Case No. 1:18-cv-00551-AWI-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECORDS PURSUANT TO *BRADY V. MARYLAND* |
| v. | |
| IGBINOSA, *et al.*, | (ECF No. 50) |
| Defendants. | |

Plaintiff Donny Steward ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Igbinosa, Faria, Nelson, Lewis, Brightwell, Cerda, and Hill for violations of the Eighth Amendment.[1]

Currently before the Court is Plaintiff's motion for records pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), filed September 8, 2021. (ECF No. 50.) Defendants have not had the opportunity to file a response, but the Court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

In his motion, Plaintiff argues that he is entitled to disclosure of approximately 3,656 pages of medical records retrieved by defense counsel from Plaintiff's medical and central file. (ECF No. 50.) Plaintiff contends that he is entitled to an award of sanctions from Defendants and

---

[1] The Court has recommended dismissal of Defendant Nelson, without prejudice, for failure to serve process pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 43.)

1

1  a copy of the records retrieved, as it puts Defendants at an unfair advantage over Plaintiff in the
2  discovery process.  (*Id.*)

3       As explained in the Court's August 23, 2021 order denying Plaintiff's motion regarding
4  his right to privacy and equal protection, (ECF No. 45), the Court has repeatedly held that section
5  3370(e) of Title 15 of the California Code of Regulations supports the proposition that the Office
6  of the Attorney General has access or control over documents contained within a prisoner
7  plaintiff's central file.  *See, e.g.*, *Porter v. Jennings*, No. 1:10-cv-01811-AWI-DLB PC, 2012 WL
8  1434989, at *2 (E.D. Cal. Apr. 25, 2012).  Plaintiff has placed his own medical care at issue by
9  bringing this action, and he does not have a right to have Defendants serve him with copies of any
10 records they obtain from his central file or health records when such records are equally available
11 to Plaintiff.  Plaintiff has not stated whether he has made any attempts to access his own records
12 at this time, and he is not entitled to receive those records at Defendants' expense when he has
13 made no effort to obtain them on his own.

14      To the extent Plaintiff argues that he is entitled to disclosure of his medical records from
15 Defendants pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), Plaintiff is informed that the
16 protections provided by *Brady* are limited to criminal actions, not civil actions such as the instant
17 case.

18      Finally, as previously stated, Plaintiff has identified no conduct on the part of defense
19 counsel or Defendants that the Court finds sanctionable at this time.  The request for sanctions is
20 therefore denied.

21      Based on the foregoing, Plaintiff's motion for records, (ECF No. 50), is HEREBY
22 DENIED.

23
24 IT IS SO ORDERED.

25    Dated:  **September 21, 2021**          /s/ *Barbara A. McAuliffe*
26                                            UNITED STATES MAGISTRATE JUDGE
27
28