# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNY STEWARD, | Case No. 1:18-cv-00551-AWI-BAM (PC) |
| Plaintiff, | ORDER DENYING MOTION TO APPOINT COUNSEL UNDER THE SIXTH AMENDMENT |
| v. | |
| IGBINOSA, *et al.*, | (ECF No. 58) |
| Defendants. | |

Plaintiff Donny Steward ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Igbinosa, Faria, Lewis, Brightwell, Cerda, and Hill for violations of the Eighth Amendment.

This action is currently stayed and has been referred for post-screening alternative dispute resolution before Magistrate Judge Stanley A. Boone on November 9, 2021. (ECF No. 49.)

Currently before the Court is Plaintiff's motion to appoint counsel under the Sixth Amendment, filed September 27, 2021. (ECF No. 58.) In his motion, Plaintiff requests appointment of counsel temporarily to represent him at the November 9, 2021 settlement conference. Plaintiff argues that he has no professional experience or knowledge of how to define and analyze what is fair or how to come to a good reduced award or the way to have the Magistrate Judge have the Defendants pay all court fees and costs. Plaintiff further requests that

1

if the Court finds complex extraordinary circumstances that will require professional expertise in civil procedures, that counsel stay on as his representation after the settlement conference.  (*Id.*) Defendants have not yet had an opportunity to respond to the motion, but the Court finds a response unnecessary.  The motion is deemed submitted.  Local Rule 230(l).

Plaintiff is informed that to the extent he requests appointment of counsel pursuant to the Sixth Amendment, the right to counsel provided by the Sixth Amendment is limited to criminal actions, not civil actions such as the instant case.

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed by prisoners who are proceeding *pro se* almost daily.  These litigants also must represent themselves at settlement conferences without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  Although Plaintiff's complaint has been screened and found to state some cognizable claims, this does not alone indicate a likelihood of success on the merits.  Finally, based on a review of the record in this case, the Court does not find that Plaintiff

cannot adequately articulate his claims.

Accordingly, Plaintiff's motion to appoint counsel, (ECF No. 58), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

   Dated: __September 29, 2021__        /s/ *Barbara A. McAuliffe*
                                                  UNITED STATES MAGISTRATE JUDGE